

Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 2942 | **DATE** | 12/8/2004 |
| **CASE TITLE** | Gray vs. United States | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Gray's Motion under § 2255 [1-1]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Gray's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct his Sentence [1-1] is denied. See attached.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | DEC 13 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| X | Docketing to mail notices. | | | 12 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROLAND GRAY, ) | |
| ) | No. 03 C 2942 |
| Movant, ) | |
| ) | |
| v. ) | Honorable Charles R. Norgle |
| ) | |
| UNITED STATES of AMERICA, ) | |
| ) | |
| Respondent. ) | |

## OPINION AND ORDER

**DOCKETED**

**DEC 1 3 2004**

CHARLES R. NORGLE, District Judge

Before the court is Roland Gray's motion to vacate, set aside, or correct his sentence brought pursuant to 28 U.S.C. § 2255. Movant, Roland Gray ("Gray"), challenges his sentence for mail fraud. For the reasons stated below, the motion is denied.

## I. BACKGROUND

### A. Facts

Gray pled guilty to one count of mail fraud (18 U.S.C. § 1341). In a written plea agreement, Gray admitted to making false statements to insurance companies in order to obtain insurance policies, and then submitting fraudulent claims on those policies. Gray also admitted, in the written plea agreement, to fraudulently obtaining loans and disability policies.

On March 1, 2002, the court held a hearing at which Gray changed his plea from not guilty to guilty. At that time, pursuant to Federal Rule of Criminal Procedure 11, the court engaged Gray in a lengthy colloquy in order to determine if Gray's guilty plea was knowing and voluntary. Under oath, Gray acknowledged that he fully understood the penalties he would be

1

subject to under this plea (up to five years imprisonment, a fine of up to $250,000, supervised release of up to three years, and restitution of $450,690). Gov.'s Resp. to Pet'r's § 2255 Pet., Ex. B, at 25-27. Gray also admitted to his conduct as set out in the plea. Id. at 20. During this colloquy, Gray informed the court that he was clear minded, and not under the influence of drugs or alcohol.

> The Court: Within the last 24 hours have you had any alcoholic beverages to drink?
> The Defendant: No, sir.
> The Court: Have you used any drugs or chemicals?
> The Defendant: No, sir.
> The Court: Are you taking any prescription medication?
> The Defendant: Yes, sir. I'm supposed to be.
> The Court: When did you last take any medication?
> The Defendant: About two nights ago.
> The Court: I'm asking you these questions to be sure that you are clear-minded and that you know what you are doing.
> The Defendant: Yes.
> The Court: Are you clear-minded?
> The Defendant: Yes.
> The Court: And do you know what you are doing?
> The Defendant: Yes, sir.

Id. at 4-5.

Gray also informed the court that he had read the plea agreement, and had the benefit of conferring numerous times with his attorney regarding his plea.

> The Court: Did you read this written plea bargain agreement?
> The Defendant: Yes, sir.
> The Court: Did you discuss it with your attorney?
> The Defendant: Yes, Sir.
> The Court: And when you read this written plea bargain agreement, did you become aware that all of these facts are spelled out in written form in the written plea bargain agreement?
> The Defendant: Yes, sir.

Id. at 20-23.

2

Finally, Gray informed the court that he was entering a knowing and voluntary guilty plea.

> The Court: Is it your free and voluntary act to enter into this agreement with the government?
> The Defendant: Yes, sir.
> The Court: And do you know what you are doing?
> The Defendant: Yes, sir.
> The Court: And you understand what you are doing?
> The Defendant: Yes, sir.

Id. at 23-24.

## B. Procedural History

Following Gray's guilty plea, the court sentenced Gray to fifty-five months in the Bureau of Prisons to be followed by three years supervised release. The court also ordered that Gray pay $450,696 in restitution. See Amended Sentencing Order of July 10, 2002. Gray never attempted to withdraw his guilty plea, nor did he pursue any direct appeal of his conviction.

In May 2003, Gray filed the present collateral attack on his sentence. Gray raises two issues: (1) whether his guilty plea was knowing and voluntary due to his alleged lack of "mental capacity," and (2) whether his counsel's assistance was effective. Mot. Under § 2255, at 5. On May 12, 2004, the United States filed a Response to this collateral attack. Gray filed a Reply to the Government's Response on May 26, 2004. Gray's § 2255 motion is fully briefed and before the court.

## II. DISCUSSION

## A. Standard of Decision

Section 2255 allows a person convicted of a federal crime to vacate, set aside, or correct his sentence. This relief is available only in limited circumstances, such as where an error is

jurisdictional, of Constitutional magnitude, or there has been a "complete miscarriage of justice." See Harris v. United States, 366 F.3d 593, 594 (7th Cir. 2004). This statute states:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside, or correct the sentence.

28 U.S.C. § 2255 ¶ 1. If the court determines that any of these grounds exists, it "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255 ¶ 2. In making that determination, the court must review the evidence and draw all reasonable inferences from it in a light most favorable to the government. See United States v. Galati, 230 F.3d 254, 258 (7th Cir. 2000); Carnine v. United States, 974 F.2d 924, 928 (7th Cir. 1992).

Section 2255 petitions are subject to various bars, including that of procedural default. Section 2255 petitions are "'neither a recapitulation of nor a substitute for a direct appeal.'" McCleese v. United States, 75 F. 3d 1174, 1177 (7th Cir. 1996) (citations omitted). Therefore, a § 2255 motion cannot raise: (1) issues that were raised on direct appeal, unless there is a showing of change circumstances; (2) non-Constitutional issues that could have been raised on direct appeal, but were not; and (3) Constitutional issues that were not raised on direct appeal. See Belford v. United States, 975 F.2d 310, 313 (7th Cir. 1992) (overruled on other grounds by Castellanos v. United States, 26 F.3d 717 (7th Cir. 1994)).

There are two exceptions to the procedural default rule: (1) if the movant demonstrates cause for failing to raise the issue and actual prejudice resulting therefrom; or (2) the court's

4

refusal to consider the Constitutional issue would result in a fundamental miscarriage of justice, which requires a showing of actual innocence. See Belford, 975 F.2d at 313 (collecting authority); see also McCleese, 75 F.3d at 1177-78 (discussing fundamental miscarriage of justice). In light of these principles, the court examines Gray's motion.

## B. Gray's Claim of Lack of Mental Capacity

Gray asserts that at the time he pled guilty he lacked the mental capacity to understand the nature of the charges and the consequences of his actions. This claim, however, is procedurally barred on collateral review, and is without merit.

Gray failed to raise the issue of his mental capacity on direct appeal to the Seventh Circuit. Gray makes no showing of cause for his failure to raise this issue on direct appeal, nor does he make a claim of actual innocence. Gray's claim of mental incompetence is therefore procedurally barred at this stage of the game. See Broadway v. United States, 104 F.3d 901, 903 (7th Cir. 1997); see also Bontkowski v. United States, 850 F.2d 306, 313 (7th Cir. 1988) ("non-constitutional errors which could have been raised on appeal but were not, are barred on collateral review--regardless of cause and prejudice").

Moreover, Gray's assertion that he lacked the mental capacity to make a knowing and intelligent guilty plea is meritless. Under Federal Rule of Criminal Procedure 11, a court must determine whether a defendant is competent to plead guilty. In order to determine whether a defendant's plea is voluntary and intelligent, a court is required to examine the plea in light of the totality of the circumstances. United States v. Cross, 57 F.3d 588, 591 (7th Cir. 1995). Under Rule 11, the court can take into account "the defendant's level of intelligence, whether he was represented by counsel, the complexity of the charge, his own statements, and the evidence

5

recited by the government to which the defendant admits." United States v. Barragan-Rangel, 198 F. Supp. 2d 973, 976 (N. D. Ill. 2002) (citing United States v. Musa, 946 F.2d 1297, 1304 (7th Cir. 1991)).

A court's only option in determining whether a plea is voluntary and intelligent is generally to ask the defendant a series of questions in open court. "The only rational manner in which a judge may determine whether a plea is knowing and voluntarily made, is to observe the defendant's demeanor and responses to the court's questions and to rely on the defendant's sworn answers. The court can best expose the defendant's state of mind on the record through personal interrogation." United States v. Ellison, 835 F.2d 687, 693 (7th Cir. 1987). In the Seventh Circuit, the defendant's history of mental illness is also relevant to assess a his competence, but a history of mental illness is not sufficient to create reasonable cause for a competency hearing. See Eddmonds v. Peters, 93 F.3d 1307, 1314 (7th Cir. 1996) ("[t]he issue is . . . whether the defendant has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding -- and whether he has a rational as well as factual understanding of the proceedings against him"). A district court must therefore focus on the defendant's mental state at the time of the change of plea hearing. Id.

Additionally, in the Seventh Circuit, a defendant is presumed competent to plead guilty. United States v. Graves, 98 F.3d 258, 260 (7th Cir. 1996). "Courts take the plea process seriously and hold defendants to their representations." Hugi v. United States, 164 F.3d 378, 381 (7th Cir. 1999). "A guilty plea is not a road-show tryout before the 'real' contest occurs in the § 2255 proceedings." Id. at 382.

During Gray's plea colloquy, the court inquired repeatedly as to whether Gray understood

the nature of the proceedings. See Gov's Resp. to Pet'r's § 2255 Pet., Ex. B, 4-5, 25-27. Gray's argument that his plea was not a knowing plea is undermined by Gray's own sworn statements at the change of plea hearing, which are presumed to be truthful. See Bridgeman v. United States, 229 F.3d 589, 592 (7th Cir. 2000). The court further notes that neither Gray nor his attorney ever indicated that Gray was unable to understand the nature of the charges and the consequences of his plea. Gray's mental capacity claim is therefore without merit.

## C. Gray's Claim of Ineffective Assistance of Counsel

In order to establish that his counsel was ineffective, Gray must "show that [his] counsel's performance was deficient, and that the deficiency prejudiced [his] defense." See Wiggins v. Smith, 539 U.S. 510, 521 (2003) (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)). An attorney's performance is deficient if it falls "below an objective standard of reasonableness." Wiggins, 539 U.S. at 521 (quoting Strickland, 466 U.S. at 688). Prejudice is established by showing that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Benefiel v. Davis, 357 F.3d 655, 662 (7th Cir. 2004) (quoting Strickland, 466 U.S. at 694). An ineffective assistance of counsel claim may be brought in a § 2255 motion, regardless of whether the claim was raised on appeal. Massaro v. United States, 538 U.S. 500, 504 (2003).

Gray asserts that his counsel's performance was deficient because counsel failed to request a competency hearing before he advised Gray to sign the plea agreement. Mot. Under 28 U.S.C. § 2255, at 8. According to Gray, if Doctors Tracer and Daughtery had been called to testify at a competency hearing, Gray would have been found incompetent to agree to any plea agreement. Id. at 6.

When a court reviews an ineffective assistance of counsel claim, the court's review is "highly deferential" to the attorney, "with the underlying assumption that 'counsel's conduct falls within the wide range of reasonable professional assistance.'" United States v. Holman, 314 F.3d 837, 840 (7th Cir. 2002) (quoting Strickland, 466 U.S. at 689). There is therefore a strong presumption that Grays's attorney performed reasonably. See Strickland, 466 U.S. at 690; see also Cooper v. United States, 378 F.3d 638, 641 (7th Cir. 2004). To succeed in his claim, Gray must show "errors so serious that counsel was not functioning as 'counsel' guaranteed [to him] by the Sixth Amendment . . . ." See Holman, 314 F.3d 839 (quoting Strickland, 466 U.S. at 687).

In rare cases, an attorney's failure to investigate or call certain witnesses can constitute ineffective assistance of counsel. See Sullivan v. Fairman, 819 F.2d 1382, 1390 (7th Cir. 1987). However, "[u]sually, counsel's decision not to call a witness is a tactical decision not subject to review." Barnhill v. Flannigan, 42 F.3d 1074, 1078 (7th Cir. 1994). The court is reluctant to engage in second guessing, or "Monday morning quarterbacking," regarding counsel's strategic decisions in this case. See Harris v. Reed, 894 F.2d 871, 877 (7th Cir. 1990).

A defendant's attorney is in a good position to assess his client's competence. United States v. Collins, 949 F.2d 921, 926 (7th Cir. 1991). Here, Gray fails to show that his attorney's decision not to request a competency hearing in which to call Doctors Tracer and Daughtery to testify was objectively unreasonable at the time it was made. Moreover, Gray fails to provide reliable evidence concerning the potential testimony of Doctors Tracer and Daughtery. See Mitchell v. United States, 359 F.2d 833, 837 (7th Cir. 1966) ("concerning petitions under § 2255: specific facts should be alleged to support the claim . . . petitioner must show that he has proof of

8

his allegations beyond his unsupported assertions."). Finally, Gray fails to establish that, but for his counsel's performance he would not have pled guilty. Gray's final assertion in support of his § 2255 motion therefore fails.

### III. CONCLUSION

Fore the foregoing reasons, Roland Gray's motion to vacate, set aside, or correct his sentence brought pursuant to 28 U.S.C. § 2255 is denied.

IT IS SO ORDERED

ENTER:

_____
CHARLES RONALD NORGLE, Judge
United States District Court

DATED: 12-8-04